**Harry B. KATES, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 92–348.**

United States Court of Veterans Appeals.

Aug. 7, 1992.

Before HOLDAWAY, Associate Judge.

**ORDER**

On June 8, 1992, the Court directed the Secretary of Veterans Affairs (Secretary) to transmit to appellant a certified copy of Item 23 of the designated record. The Court further directed the Secretary to advise the Court of the date and manner of such transmission and to respond to appellant's other requests for records.

On June 26, 1992, the Secretary informed the Court that Item 23 had been transmitted to appellant on that date by overnight express mail and that a backup copy had been sent by regular post. The Secretary further moved for an extension of 20 days in which to respond to appellant's other requests for documents. The Secretary's

motion for extension was stamp-granted by the Clerk of the Court.

On July 13, 1992, the Court received correspondence from appellant wherein he informed the Court that he did not receive his copy of Item 23 by June 29, 1992. Appellant further objects to the Secretary's statement that Item 23 was placed in overnight express mail on June 26, 1992. Appellant asserts that while he was on vacation from June 29, 1992, to July 6, 1992, the express mail company attempted to deliver a package from the Department of Veterans Affairs (VA) on three separate occasions. He further asserts that the express mail company informed him that it did not receive the package from the VA until June 29, 1992. Appellant asserts that the Secretary has committed perjury and asks that his appeal be awarded by "default" judgment without further litigation. Appended to appellant's correspondence is documentation allegedly supportive of his allegations.

On July 16, 1992, the Secretary informed the Court that the express mail company attempted on three occasions to deliver the package containing Item 23 to appellant before returning the package to the VA. The Secretary further informed the Court that appellant's entire claims file was being returned to the VA Regional Office (VARO) so that appellant may inspect it and copy those documents that he deems relevant for his counter designation.

On July 20, 1992, the Court again received correspondence from appellant in which he objects to what he considers delaying tactics on the part of the Secretary in taking almost two months before deciding to send his claims file to the VARO. He renews his request that the Court award his appeal without further litigation. On July 27, 1992, the Court received additional correspondence from appellant in which he criticizes the Secretary's July 16, 1992, response.

■ Although appellant objects to what he considers untimely receipt of Item 23, he admits that the envelope in which it was mailed was postmarked June 26, 1992. He further admits that the envelope had arrived by the time he returned from vacation on July 6, 1992. In reviewing appellant's correspondence, the Court finds no allegation of injury in the untimely arrival of Item 23. Indeed, appellant states he was on vacation when Item 23 arrived. The Court finds that appellant has suffered no injury as a result of the untimely arrival of Item 23.

■ In regard to appellant's allegations of misrepresentation by counsel for the Secretary and his request for a "default" judgment, suffice it to say that the Court finds no evidence of impropriety. In any event, this Court may grant relief to the appellant *only* where we find, based on our independent review of the record, that the Board of Veterans' Appeals (BVA) has committed legal or factual error that has been harmful to the appellant. If there is misfeasance, malfeasance, or nonfeasance on the part of appellate government counsel, which the Court stresses was not found in this case, any sanction for such could not possibly extend to granting relief to the appellant. To repeat, relief can only be granted when error *by the BVA* is found and identified. *See* 38 U.S.C. § 7252 (formerly § 4052) and 38 U.S.C. § 7261 (formerly § 4061).

Upon consideration of the foregoing, it is

ORDERED that appellant's motion for "default" judgment is denied. Appellant's counter designation of the record is due 30 days after the date of this order. It is time for this case to move forward.